**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000294**
**28-JUN-2022**
**07:50 AM**
**Dkt. 34 SO**

NO. CAAP-21-0000294

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
KYLE P. McCORMICK, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAIʻANAE DIVISION
(CASE NO.  1DTC-20-003868)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Kyle P. McCormick (**McCormick**) appeals from the March 31, 2021 Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**), entered by the District Court of the First Circuit, Waiʻanae Division[1] (**District Court**), convicting him of Reckless Driving, in violation of Hawaii Revised Statutes (**HRS**) § 291-2.[2]  McCormick contends the evidence is insufficient to support the conviction because Plaintiff-Appellee State of Hawaiʻi (**State**) failed to show that he consciously disregarded a substantial and unjustifiable risk

---

[1]    The Honorable Kristine Y. Yoo presided.

[2]    HRS § 291-2 (2007), entitled "Reckless driving of vehicle or riding of animals; penalty," states:

> Whoever operates any vehicle or rides any animal recklessly in disregard of the safety of persons or property is guilty of reckless driving of vehicle or reckless riding of an animal, as appropriate, and shall be fined not more than $1,000 or imprisoned not more than thirty days, or both.

to the safety of persons or property to indicate a reckless state of mind.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we affirm for the following reasons.

In a sufficiency-of-the-evidence challenge, we consider the evidence in the strongest light for the prosecution; "[t]he test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact."  State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).  "[E]ven if . . . the conviction is against the weight of the evidence," we will affirm "as long as there is substantial evidence to support the requisite findings for conviction . . . ."  Id. at 158, 166 P.3d at 331.  "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Id. (brackets omitted).

The Hawaiʻi Supreme Court held in State v. Agard,

> (1) the reckless state of mind definition under HRS § 702-206(3) (1993) applies to the reckless driving statute, HRS § 291-2; (2) in determining whether an identified risk is substantial and unjustifiable under HRS § 702-206(3), the nature and degree of the risk disregarded by the actor, the nature and purpose of his conduct, and the circumstances known to him in acting must be weighed; (3) in this case a reckless state of mind can be inferred from the circumstances to conclude that there was conscious awareness of a substantial and unjustifiable risk to the safety of others and property on the part of Respondent; and (4) deference must be given to the trier of fact with respect to questions of credibility and weight of the evidence.

113 Hawaiʻi 321, 322, 151 P.3d 802, 803 (2007).  HRS § 702-206(3) (2014) defines "recklessly" as follows:

> (a) A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.

> (b) A person acts recklessly with respect to attendant circumstances when he consciously disregards a

2

substantial and unjustifiable risk that such circumstances exist.

(c) A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.

(d) A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

At trial, Sergeant Cullen Kau (**Sergeant Kau**) testified that: at approximately 6:35 p.m., McCormick drove 101 miles-per-hour (**MPH**) in a 60 MPH zone on the H-1 freeway; he did not reduce his speed even after passing by Sergeant Kau; Sergeant Kau eventually caught up to McCormick as McCormick sped up to the vehicles ahead of McCormick "over a thousand feet away" that were in all three lanes of the freeway; McCormick "slowed down a little bit" as McCormick "got up right behind" the middle car, causing the car to move out of McCormick's way; McCormick did not stop or slow down even though Sergeant Kau was following McCormick with the lights and siren on; Sergeant Kau went into the fast lane to pull abreast of McCormick's driver's side window as McCormick was in the middle lane; at that point, while still driving, McCormick flashed an I.D. at Sergeant Kau as they traveled side by side; Sergeant Kau verbally told McCormick to pull over and McCormick did so. Kau cited McCormick for Reckless Driving "[b]ecause of the amount of speed and when [McCormick] caught up to the vehicles, he just went up to the cars until they moved out of the way. And he basically pushed the car out of the way by coming up behind him."

In finding McCormick guilty, the District Court found that Sergeant Kau credibly testified to McCormick's high rate of speed; it took Sergeant Kau "several seconds to catch up to" McCormick, who had not "slowed down at any point"; a car had to move out of McCormick's way to let him pass; Sergeant Kau tried to pull McCormick over with lights and siren by going "abreast of [McCormick] on the fast lane while Mr. McCormick was in the

middle lane"; "rather than pulling over, [McCormick] flashed what appeared to be an I.D. card at [Sergeant Kau]"; and "even after all of that, Sergeant [Kau] had to finally tell him verbally to pull over." The District Court also referenced McCormick's actions of telling Sergeant Kau to hurry up with the citation as indicative of McCormick's state of mind.

These facts here are distinguishable from those in State v. Moleta, 112 Hawaiʻi 233, 236, 145 P.3d 776, 779 (App. 2006), where the defendant did not exceed the speed limit and there was insufficient evidence to infer how close he was to the vehicles he allegedly cut off. Indeed, the facts here are more similar to those in State v. Tennis, No. 30363, 2012 WL 104777, at *2 (App. Jan. 12, 2012) (SDO), and State v. Cambra, No. 28887, 2008 WL 4869030, at *1 (App. Nov. 12, 2008) (SDO), as there is evidence McCormick drove at an extremely high rate of speed and closely tailgated other vehicles. McCormick's act of flashing an I.D. at Sergeant Kau while driving alongside the officer at a high rate of speed also posed a substantial and unjustifiable risk to the safety of other persons and vehicles on the freeway, including Sergeant Kau. See HRS § 291-2; Agard, 113 Hawaiʻi at 322, 151 P.3d at 803.

Moreover, like the defendant in Agard, McCormick refused to pull over even after being pursued by police with sirens and lights on. After the stop, when Sergeant Kau approached him, McCormick insisted that he needed to be at work in ten minutes or he would lose his job, and at one point told Sergeant Kau to hurry up with writing the citation. This evidence supports an inference that McCormick's speeding and aggressive driving were conscious rather than inadvertent, i.e., that he was aware of the nature of his actions, but he was more concerned about getting to work on time than driving safely, which constitutes substantial evidence of his reckless state of mind. See Agard, 113 Hawaiʻi at 322, 151 P.3d at 803. Moreover, his acts of driving at a high rate of speed, not slowing down after seeing Sergeant Kau, tailgating another vehicle closely until the vehicle moved out of his way to let him pass, not

slowing or stopping while being pursued and instead flashing an I.D. at the officer while continuing to drive at high speed, and refusing to promptly pull over, are indicative of a "gross deviation from the standard of conduct that a law-abiding person would observe in the same situation."  HRS § 702-206(3)(d).  Accordingly, viewing the evidence in the strongest light for the prosecution, the record contains substantial evidence to support the conclusion of the District Court adjudging McCormick guilty of Reckless Driving.  See Matavale, 115 Hawaiʻi at 157-58, 166 P.3d at 330-31.

For the foregoing reasons, the March 31, 2021 Notice of Entry of Judgment and/or Order and Plea/Judgment, entered by the District Court of the First Circuit, Waiʻanae Division, is hereby affirmed.

DATED:  Honolulu, Hawaiʻi, June 28, 2022.

On the briefs:

Amber P. Boll,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Attorney General,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge